# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CARTER,<br><br>　　　　　Plaintiff,<br>　v.<br>THE COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　Defendant. | Case No. 13cv289 BTM(JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant County of San Diego ("Defendant" or the "County") has filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), and 12(b)(6). For the reasons discussed below, Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is **GRANTED**.

## I. BACKGROUND

Plaintiff alleges that in 2010 and 2013, she served a 13-month prison sentence for technical probation violations in two 2009 San Diego cases. (Compl. ¶ 15.) She was released from prison or about September 8, 2011 to non-revocable parole for 12 months. (Id.) According to Plaintiff, at the time of the San Diego probation violations, she was also on probation on an eleven-year old Orange County case. (Compl. ¶ 17.) The San Diego violations

triggered a violation in the Orange County case. (Id.) According to Plaintiff, the Orange County DA agreed to dismiss the Orange County probation violation petition and to run the probation violation case concurrently with the San Diego case. (Id.) Upon Plaintiff's release from prison, probation was reinstated in the Orange County case (Plaintiff believes this was improper) and the probation proceeding was transferred to San Diego. (Compl. ¶¶ 18-19.)

In May of 2012, Plaintiff briefly met with her San Diego probation officer, defendant Maurice Gallon. (Compl. ¶ 20.) He told Plaintiff that the transfer process from Orange County was incomplete and that she would have to wait before a meeting could be set up. (Id.) Eventually, Plaintiff obtained a probation appointment for August 29, 2012. (Compl. ¶ 22.)

On or about July 26, 2012, Gallon telephoned Plaintiff and told her that she had to be in his office within an hour that morning to fill out some paperwork because he was going on vacation. (Compl. ¶ 23.) Plaintiff told Gallon that she had to take her sister, who was terminally ill, to a doctor's appointment that morning. (Compl. ¶¶ 23-24.) Gallon told Plaintiff that the probation appointment was not negotiable and that if she did not show up, he would have a warrant put out for her arrest. (Id.) Plaintiff did not attend the probation meeting, but wrote and faxed a letter to Gallon and the head probation officer explaining why she did not attend the meeting. (Compl. ¶ 25.)

Plaintiff's sister passed away on August 11. (Compl. ¶ 26.) About two weeks later, Gallon was able to get a judge to issue a warrant for Plaintiff's arrest. (Id.) A law enforcement task force, including about 35 police cars, showed up at the La Jolla home of Plaintiff's mother, looking for Plaintiff. (Compl. ¶ 27.) The police also came to the San Diego home of Plaintiff's son, who has two young children, and threatened to keep coming back until he turned his mother over to law enforcement authorities. (Compl. ¶ 29.)

According to Plaintiff, the situation with the arrest warrant has caused

Plaintiff's entire family to disown her. (Compl. ¶ 30.) Plaintiff also alleges that because of the arrest warrant, her business colleagues and clients at the Foundation for Inmate Advocacy have refused to work with her, she has had to delay her application and testing for readmission to the California State Bar, she has had to withdraw her applications for graduate school, and she may lose Social Security and Medicare benefits. (Compl. ¶¶ 32-36.)

Plaintiff "is informed and believes" that the probation appointment was a "set-up," that was arranged maliciously with the purpose and intent to prosecute Plaintiff for her political activities. (Compl. ¶ 39.) Plaintiff alleges that she was involved in a civil rights organization which targeted corruption in the local criminal justice system, including corruption of County prosecutors and probation officers. (Id.) Plaintiff also alleges that she had previously filed a lawsuit against the County for civil rights violations. (Id.) According to Plaintiff, because she has been released from non-revocable parole and intended to seek release from probation as well, Defendants wanted to make an example of her and retaliate against her for her political activities. (Id.)

In her Complaint, Plaintiff names as defendants the County, San Diego County Department of Probation, and Maurice Gallon. Plaintiff asserts claims for: (1) violation of the Fifth and Sixth Amendments; (2) malicious prosecution; (3) defamation; and (4) harassment.

## II. DISCUSSION

The County moves to dismiss Plaintiff's Complaint on the ground that it fails to establish subject matter jurisdiction and fails to state a claim. As discussed below, the Court agrees that Plaintiff's Complaint fails to state a claim and that dismissal is therefore warranted.

A. Constitutional Claims

In Count One, Plaintiff alleges that Defendants violated her rights under the Fifth Amendment by maliciously setting her up to violate the terms and conditions of her probation and prosecuting her and depriving her of her freedom without due process of law. Because this case involves state actors, the due process clause of the Fourteenth Amendment applies. Duesenbery v. United States, 534 U.S. 161, 167 (2002) ("The Due Process clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without "due process of law.")

It appears that Plaintiff is attempting to allege a § 1983 claim for malicious prosecution. Malicious prosecution "constitutes a deprivation of liberty without due process of law . . . when it is 'conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights.'" Lacey v. Maricopa County, 649 F.3d 1118, 1133 (9th Cir. 2011) (quoting Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)). To state a claim for malicious prosecution, a plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). The plaintiff must also allege that criminal proceedings were instituted against her and that the proceedings terminated in her favor. Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).

Plaintiff has not stated a claim for malicious prosecution because Plaintiff has not alleged that she was subjected to a criminal prosecution that terminated in her favor. Plaintiff has not even alleged that she was arrested. Even if Plaintiff had been arrested, a claim for malicious prosecution "will not

lie unless some further step is taken, such as bringing the accused before a magistrate for determination whether he is to be held." Id. (quoting Restatement (Second) of Torts § 654(2)(c)).

To the extent Plaintiff's due process claim is premised on injuries to her reputation, resulting in strained relationships with family members and work colleagues and clients as well as other negative consequences, Plaintiff fails to state a claim. As explained by the Supreme Court, a plaintiff's interest in her reputation "is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." Paul v. Davis, 424 U.S. 693, 712 (1976).

To the extent Plaintiff intends to assert a claim for false arrest in violation of her Fourth Amendment rights, this claim fails as well. A claim for unlawful arrest lies under § 1983 when the arrest was without probable cause or other justification. Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th Cir. 2001). Here, the facts alleged in the Complaint do not establish a lack of probable cause for the issuance of the bench warrant. Plaintiff admits that the probation officer required her to attend a meeting and that she failed to do so. Although Plaintiff claims that the meeting was set up maliciously and that she had good reasons for not going to the meeting, Plaintiff has not established that she did not in fact violate a term or condition of her probation.

In her opposition, Plaintiff cites to People v. Zaring, 8 Cal. App. 4th 362 (1992), and argues that the violation of probation must be willful to warrant the revocation of probation. It is true that a court may abuse its discretion in revoking probation if the probationer did not willfully violate probation. Id. at 375. But the issue of willfulness or the absence thereof, pertains to the court's determination whether to revoke probation. Plaintiff's assertion that she had a good excuse for not attending the probation meeting does not mean that there was no probable cause for obtaining an arrest warrant for violation of the terms and conditions of probation.

It is unclear whether Plaintiff wishes to assert a claim for retaliation in violation of her First Amendment rights. In the Ninth Circuit, an individual has a right "to be free of police action for which retaliation is a but-for cause even if probable cause exists for that action." Skoog v. County of Clackamas, 469 F.3d 1221 (9th Cir. 2006). The plaintiff must establish that the "officers' desire to chill his speech was a but-for cause of their allegedly unlawful conduct." Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013). Plaintiff alleges on information and belief that the probation meeting was maliciously set up to punish Plaintiff for her political activities, including involvement in a civil rights organization and a prior law suit against the County. (Compl. ¶ 39.) However, Plaintiff does not allege any facts showing that her probation officer, Gallon, had any knowledge of her political activities. Accordingly, Plaintiff has not established a plausible claim for First Amendment retaliation. See, e.g., Craft v. Middleton, 2012 WL 3903424, at * 2 (W.D. Okla. Aug. 20, 2012) (dismissing First Amendment retaliation claim because plaintiff failed to allege facts supporting causation); Manago v. Gonzalez, 2012 WL 6628902, at * 6 (E.D. Cal. Dec. 19, 2012) ("Thus, mere allegations that Plaintiff engaged in protected activity, without knowledge resulting in animus by a Defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind Defendant's actions.")

Plaintiff alleges that Defendants subjected her to double jeopardy in violation of her Fifth Amendment rights by attempting to prosecute and incarcerate her for a ten-year-old offense for which she had already been tried, convicted, and punished. (Compl. ¶ 48.) However, it has been clearly established that the imposition of confinement upon violation of probation does not offend double jeopardy principles. United States v. DiFrancesco, 449 U.S. 117, 137 (1980).

Plaintiff also alleges that Defendants violated her rights under the Sixth

Amendment Due Process provisions by setting her up for arrest without probable cause and without informing her of the nature and cause of the accusation as required by the Sixth Amendment. (Compl. ¶¶ 49, 50). Under the Sixth Amendment, an accused has the right "to be informed of the nature and cause of the accusation against him." In the context of revocation of probation, the minimum due process requirements include, inter alia, written notice of the claimed violation of probation, disclosure of the evidence against the probationer, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses unless the government shows good cause for not producing the witness, a neutral and detached hearing body, and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking probation. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). However, these due process requirements do not apply until *actual seizure of the individual has occurred*, after which due process requires that the individual be accorded both preliminary and formal hearings along with the due process safeguards. People v. Vickers, 8 Cal. 3d 451, 460 (1972). There is no due process requirement of notice of the claimed violation of probation *prior* to arrest. Plaintiff does not allege that she was arrested or that she was deprived of her Sixth Amendment due process rights after she was arrested. Therefore, Plaintiff has not stated a claim under the Sixth Amendment.

      Plaintiff has not stated a claim under the Fifth Amendment, Sixth Amendment, or any other provision of the United States Constitution. Therefore, Defendant's motion is granted as to Count One.

B.   Injunctive Relief

      Although the Complaint does not include a separate count for an injunction, the caption page indicates that the complaint seeks "temporary and

permanent restraining orders," and Paragraph 2 of the Complaint states:

> Plaintiff is entitled to immediate relief in the form of recall of a bench warrant issued against her by the County of San Diego Superior Court and the San Diego County Probation Department; an injunction against continuing harassment . . . .

To the extent Plaintiff seeks an injunction requiring recall of the bench warrant or enjoining enforcement of the bench warrant, the Court abstains under Younger v. Harris, 401 U.S. 37, 41 (1971). Younger abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). It appears that the probation violation proceedings are ongoing.[1] The proceedings implicate the important state interest of monitoring defendants on probation and enforcing the terms and conditions of probation. Plaintiff's concerns regarding the legitimacy of the last-minute probation appointment and her lack of willfulness in not attending the meeting can and should be raised before the state court. Therefore, Plaintiff's claim for injunctive relief is dismissed.

C. State Claims

Count Two of the Complaint is for malicious prosecution. Under California law, to establish a claim for malicious prosecution, the plaintiff must prove that the prior action (1) was commenced by or at the direction of the

---

[1] In connection with its 12(b)(1) motion, the County asks the Court to take judicial notice of Superior Court felony minutes dated October 24, 2012 and October 29, 2012, filed in People v. Carter, Case No. SCD 240017. (Request for Judicial Notice, Exs. B, C.) The Court takes judicial notice of the documents, although the Court's decision does not rely on them. According to the October 24 minutes, Plaintiff was ordered to be present or to have her counsel submit medical documentation at a hearing on October 29, 2012. The initial bench warrant was recalled, and another bench warrant was issued but was ordered to be withheld to October 29. The October 29 minutes reflect that a bench warrant was issued that day because Plaintiff did not appear at the hearing, and her attorney was unable to provide medical documentation. In her opposition, Plaintiff states that she was arrested, but it is unclear if anything else has happened in her state criminal case.

defendant and was pursued to a legal termination in the plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. Crowley v. Katleman, 8 Cal. 4th 666, 676 (1994). As discussed above, Plaintiff has not alleged facts showing that probable cause was lacking or that criminal proceedings took place and terminated in her favor. Moreover, Gallon, the Department of Probation, and the County would be immune from liability under Cal. Gov't Code 821.6 and Cal. Gov't Code 815.2(b).[2] See Taylor v. Jones, 121 Cal. App. 3d 885 (1981) (holding that County and employees of the county district attorney's office were immune from liability for any injury caused in prosecuting probation revocation proceeding against the plaintiff).

Count Three alleges that the arrest warrant issued against Plaintiff destroyed her reputation and asserts that Defendants are liable for defamation. (Compl. ¶ 59.) Count Four is labeled "Harassment," but appears to be a claim for intentional infliction of emotional distress resulting from malicious prosecution. These claims also fail because they arise out of the prosecution of a probation violation, and Defendants are immune from injury resulting from such acts. See Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1048 (2007) ("Immunity under Government Code section 821.6 is not limited to claims for malicious prosecution, but also extends to other causes of action arising from conduct protected under the statute, including defamation and intentional infliction of emotional distress.")

///
///

---

[2] Cal. Gov't Code § 821.6 provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Section 821.6 applies to suits against government employees who file charges or swear out affidavits of criminal activity against individuals. Sullivan v. County of Los Angeles, 12 Cal. 3d 710, 720 (1974). Cal. Gov't Code § 815.2(b) provides, "Except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

### III. CONCLUSION

For the reasons discussed above, the County's motion to dismiss for failure to state a claim is **GRANTED**. The Court also dismisses the Complaint as to defendant San Diego County Department of Probation and defendant Marice Gallon on the same grounds. Plaintiff's Complaint is **DISMISSED** in its entirety. Plaintiff may file an amended complaint within 30 days of the filing of this Order. Plaintiff's failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED: August 6, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court